# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of William E. Hopkins, Jr., Respondent.

Appellate Case No. 2021-000261

Opinion No. 28042
Submitted June 17, 2021 – Filed July 7, 2021

## DISBARRED

Disciplinary Counsel John S. Nichols and Senior
Assistant Disciplinary Counsel William C. Campbell,
both of Columbia, for the Office of Disciplinary Counsel.

Joseph Preston Strom, of Columbia, for Respondent.

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents to any sanction set forth in Rule 7(b), RLDE.  We accept the Agreement and disbar Respondent from the practice of law in this state.  The facts, as set forth in the Agreement, are as follows.

## I.

Respondent admits he transferred money from his trust account to cover payroll and operating expenses for his law firm from November 30, 2017, to July 13, 2018, in the total amount of $95,981.46.  Respondent acknowledges he was using client money to keep his law firm afloat and states he always intended to repay the money.  Respondent began to repay the trust account on June 26, 2018, and

completely repaid the account on September 30, 2018.[1]  The trust account has been reconciled, and all monies are accounted for.  Respondent has turned over all accounting and bookkeeping functions to a licensed Certified Public Accountant and has given all trust account responsibilities to another lawyer in the firm.  Respondent has also completed the Legal Ethics and Practice Program Ethics School, Trust Account School, and Advertising School.

Respondent admits his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15 (safekeeping property) and Rule 8.4 (misconduct).  Respondent further admits he failed to comply with Rule 417, SCACR (financial recordkeeping).  Respondent admits his conduct constitutes grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR (misconduct).

## II.

We accept the Agreement and disbar Respondent from the practice of law in this state.  Within fifteen days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR, and he shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.  Within thirty days of the date of this opinion, Respondent shall pay or enter into a reasonable payment plan to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct.

**DISBARRED.**

**BEATTY, C.J., KITTREDGE, HEARN and FEW, JJ., concur.  JAMES, J., not participating.**

---

[1] Respondent's total repayment is in the amount of $96,945.07.  The difference of $963.61 is for payment made to Medicare for interest on a lien which should have been paid out of operating funds rather than trust funds.